**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRACEY POPE,<br><br>            Plaintiff - Appellant,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; RANDY SORENSEN,<br><br>            Defendants - Appellees. | No. 14-15576<br><br>D.C. No. 2:12-cv-01867-LDG-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Tracey Pope appeals the district court's grant of summary judgment in his

42 U.S.C. § 1983 action alleging that Officer Randy Sorensen of the Las Vegas

Metropolitan Police Department (LVMPD) used excessive force in arresting him

on suspicion that Pope was driving under the influence.  Pope also challenges the

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

district court's exclusion of several statements in Pope's medical files as hearsay. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pope has lived with a spinal cord injury since 1980 that limits his ability to walk. He alleges that Officer Sorensen used excessive force in arresting him, which resulted in a compression fracture in his lumbar spine. He further alleges that LVMPD initially justified the use of force by insisting that Pope ran away from police, but that officers changed their account when they realized that Pope was disabled. Pope points to notes in his medical record, transcribed by his health care providers at Sunrise Hospital, that an unnamed police sergeant and Emergency Medical Services (EMS) personnel told these providers that Pope had run from police and was tackled.

Pope has no memory of the events of the arrest, and he only briefly recalls his initial interaction with police. Officer Sorensen's account of events is detailed in his use of force report and affidavit. According to Officer Sorensen, Pope appeared to be intoxicated at the scene, refused to follow instructions, and patted his hands around his waistband. Officer Sorensen further alleged that when he tried to handcuff Pope, Pope resisted, and Officer Sorensen responded by taking Pope to the ground "with a controlled take down." Officer Sorensen claims that he then recovered a gun from Pope's waistband.

2

Although Officer Sorensen's account is contradicted by several of the statements contained in Pope's medical records, we conclude that the district court did not abuse its discretion by excluding the medical record statements as hearsay. The reproductions of statements attributed to LVMPD and EMS in the medical records are hearsay because these they are being offered for the truth of the matter asserted, *i.e.*, that LVMPD and EMS made these statements. *See Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991).

These hearsay statements are inadmissible because they do not fall under any of the hearsay exceptions. Pope has not demonstrated that the statements were recorded by Sunrise staff "for medical diagnosis or treatment" under Fed. R. Evid. 803(4). Similarly, Pope has not shown that the statements fall under the "records of a regularly conducted activity" exception. Fed. R. Evid. 803(6). Under the rules in effect when the district court granted summary judgment, this exception required that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E) (2014). The district court found that the statements did not meet this requirement because the sources of the statements were ambiguous. We conclude that the district court did not abuse its discretion in excluding these statements on these grounds.

3

We review *de novo* the remaining evidence in the light most favorable to Pope to determine whether there were any genuine issues of material fact regarding his excessive force claim. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Pope's lack of recollection of the arrest does not mean that his claim fails as a matter of law. *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002). His claim fails because there is no genuine issue of material fact regarding the events of his arrest. Pope has offered no admissible evidence—direct or circumstantial—that contradicts Officer Sorensen's explanation of the "controlled take down." *Cf. id.* at 852.

Officer Sorensen's account of the arrest—the only one available to us—indicates that the use of force was reasonable.[1] Under *Graham v. Conner*, the relevant factors in evaluating the use of force include the severity of Pope's alleged criminal conduct, whether Pope posed an immediate threat to Officer Sorensen, and whether Pope resisted arrest. 490 U.S. 386, 396 (1989). We have previously recognized that driving under the influence is a "serious" crime. *See United States*

---

[1] Pope argues that even excluding the statements in his medical records, he has shown sufficient internal inconsistencies in Officer Sorensen's account to create a triable issue as to whether his version of the events was credible. We disagree. The minor inconsistencies that Pope points to, such as use of a vague "[s]earched for citizen" code in the incident report, are insufficient to "cast doubt on" Sorensen's credibility. *Cruz v. City of Anaheim*, 765 F.3d 1076, 1080 (9th Cir. 2014).

4

*v. Craner*, 652 F.2d 23, 26 (9th Cir. 1981). Also, Officer Sorensen's account indicates that Pope objectively posed a threat, the "most important single element" in analyzing the use of force. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc) (quoting *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994)). Because Pope was reaching into his car and around his waist, Officer Sorensen reasonably believed that Pope was searching for a weapon. *See Cruz v. City of Anaheim*, 765 F.3d 1076, 1078–79 (9th Cir. 2014). Finally, Officer Sorensen claims that Pope resisted arrest. Taken together, these elements indicate that Officer Sorensen's decision to take Pope to the ground in a "controlled" manner was not excessive.[2] The district court's grant of summary judgment must be affirmed.

   **AFFIRMED.**

---

   [2] LVMPD introduced evidence that in light of Pope's pre-existing fracture and degenerative spinal condition, his injuries were "consistent with a simple takedown." *Cf. Santos*, 287 F.3d at 852. The medical records introduced by Pope do not contradict this account, which distinguishes this case from *Ting v. United States*, 927 F.2d 1504, 1510 (9th Cir. 1991).